```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FASTENER DIMENSIONS, INC., DARRYL       :
HINKLE, DARRYL HINKLE as TRUSTEE of     :
FASTENER DIMENSIONS, INC. PROFIT        :
SHARING PLAN, and KATHLEEN HINKLE,      :
                                        :
                  Plaintiffs,           :
                                        :
          -v-                           :     12 Civ. 8918 (DLC)
                                        :
MASSACHUSETTS MUTUAL LIFE INSURANCE     :
COMPANY, MASSMUTUAL HOLDING LLC, MML    :
INVESTORS SERVICES, LLC, FIFTH AVENUE   :
FINANCIAL, COWAN FINANCAL GROUP, DANIEL :
TUMMINIA, MICHAEL FEUER, DENNIS         :
MANNARINO, MASSMUTUAL CONTRACTING       :
CORP., CYPRESS LAWN CARE, J&D ITALIAN   :
SPECIALTY MEATS, ESTATE OF JANICE BOHA, :
and DOES 1-10,                          :
                  Defendants.           :
                                        :
----------------------------------------X
                                        :
INNA IPPOLITOV, individually and        :
representative of the class comprised   :
of employees of Fastener Dimensions     :
Inc. who were intended to be            :
beneficiaries of said employer's        :
pension and/or profit sharing plans,    :
                                        :
                  Plaintiff,            :
                                        :
          -v-                           :
FASTENER DIMENSIONS, INC., DANIEL       :     13 Civ. 4782 (DLC)
TUMMINIA, MICHAEL FEUER, DARRYL HINKLE, :
DENNIS MANNARINO, MASSACHUSETTS MUTUAL  :
LIFE INSURANCE COMPANY, MASSACHUSETTS   :     MEMORANDUM OPINION
MUTUAL FINANCIAL GROUP, STERLING TRUST  :         AND ORDER
COMPANY, "JOHN DOES" 1 through 10, and  :
"JANE DOES" 1 through 10,               :
                                        :
                  Defendants.           :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Before the Court are two October 1, 2013 motions to dismiss: the first filed by John Boha, as administrator of the estate of Janice Boha ("Boha") and the second filed by Dennis Mannarino and J&D Italian Specialty Meats (collectively, "Mannarino"). For the following reasons, the motions are denied.

BACKGROUND

The factual background of these consolidated actions is described in more detail in a December 12, 2013, Opinion and Order resolving motions to dismiss the Amended Complaint in Ippolitov v. Fastener Dimensions, Inc., No. 13 Civ. 4782 (DLC) (the "Ippolitov Action"), and will not be repeated at length here. These cases concern the theft of funds from the employee benefit plan (the "Plan") of plaintiff Fastener Dimensions, Inc. ("Fastener"), a manufacturer of parts for military aircraft. In broad strokes, the complaints in both actions allege that Darryl Hinkle, Fastener's president, hired his close friend Daniel Tumminia to oversee the management of the Plan, and that Tumminia, along with his co-conspirators Michael Feuer, Dennis Mannarino, and Janice Boha, spent six years misappropriating Plan funds. Tumminia, Feuer, and Mannarino each pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 in the District of New Jersey. Boha, Fastener's controller, died

in September 2012.

The first of the above-captioned actions, <u>Fastener Dimensions, Inc. v. MassMutual</u>, No. 12 Civ. 8918 (DLC) (the "Fastener Action"), was filed by Fastener, Hinkle (acting both individually and as Trustee of the Plan), and Kathleen Hinkle in this district on December 7, 2012.  The Fastener Action included a variety of state common law claims as well as claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").  These were brought against the active participants in the conspiracy (Tumminia, Feuer, Mannarino, and Janice Boha's estate) and certain companies they controlled (MassMutual Contracting Corp., Cypress Lawn Care, and J&D Italian Specialty Meats) as well three sets of institutions: Massachusetts Mutual Life Insurance Company and MassMutual Financial Group (collectively, "MassMutual"); Fifth Avenue Financial and Cowan Financial Group (the "Cowan Defendants"); and Sterling Trust and Equity Trust Company (the "Trust Defendants").

MassMutual, the Cowan Defendants, and the Trust Defendants each filed motions to dismiss in the Fastener Action, which the Court granted in part at an initial pretrial conference on July 12 and in subsequent Orders of July 15 and August 1.  Fastener thereafter amended its complaint to conform with the Court's rulings, filing its Third Amended Complaint ("TAC") on August 23, 2013.

3

The TAC alleges that Tumminia, Feuer, Mannarino, and Boha spent six years working together to steal funds from the Plan, completing a total of at least 133 transactions involving "up to" $3 million.  The scheme often involved depositing checks from Fastener to companies controlled by Tumminia, Feuer, and Mannarino.

As for Boha in particular, the TAC alleges that she was Fastener's controller and as such "handled all responsibilities related to Fastener's finances including collections, payments, and tax preparation."  The TAC alleges that Tumminia would create fake bills for late payments on the life insurance policies of Fastener employees, "which Boha then paid from Fastener accounts using checks with Hinkle's forged signature."  At some point, Tumminia created a sham corporation called MassMutual Contracting Corp.  He then asked Boha to issue checks to "MassMutual," which he was able to deposit directly into the MassMutual Contracting Corp. bank account.  The TAC cites a series of unauthorized loans from Fastener life insurance policies, many of which were diverted to the co-conspirators' companies.  One such check was "signed over by Boha to Feuer's attorney trust account," at a time when Feuer had been disbarred.  The TAC also alleges that Boha misappropriated "about $81,000" from Fastener and used the money to purchase a life insurance policy from defendant MassMutual.  Finally, the TAC alleges that "Tumminia remodeled

Boha's apartment during the year before the theft was discovered in order to compensate Boha for her participation in the theft."

The TAC contains similar allegations as to Mannarino. The TAC alleges that Tumminia, Feuer, and Mannarino caused misappropriated funds to be deposited into the MassMutual Contracting Corp.'s bank account, which all three used "for personal expenditures including cash withdrawals at ATMs in New Jersey, and to pay their various bills." The TAC also lists particular transactions that it alleges were part of the scheme: On April 5, 2007, for instance, $35,036 was wire transferred from Fastener's bank account into a bank account controlled by Mannarino. The TAC alleges that Mannarino deposited "about seven" checks totaling $88,500 from Fastener's account into both his personal account and the account of his company J&D Italian Specialty Meats.

Boha and Mannarino filed motions to dismiss on October 1, 2013. These were opposed on November 7, and became fully submitted on November 20 and 22, respectively.

## DISCUSSION

To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

5

Applying this plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  When considering a motion to dismiss, a trial court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  A complaint must do more, however, than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678.

The two motions to dismiss argue principally that the TAC does not adequately allege its two RICO causes of action as to Boha and Mannarino.  "To establish a RICO claim, a plaintiff must show (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962."  Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 120 (2d Cir. 2013) (citation omitted).  To establish a violation § 1962(c), "a plaintiff must show that a person engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Id. (citation omitted).  These elements must be established as to each defendant.  DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001).

Pleading a civil RICO conspiracy in violation of § 1962(d) requires alleging that (1) the defendants agreed to form and associate themselves with a RICO enterprise; (2) the defendants agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise; and (3) if the agreed-upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity. Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 244-45 (2d Cir. 1999).

Boha argues in essence that the TAC falls short of alleging that she knowingly engaged in wrongful conduct or that she was a knowing participant in the enterprise.  In making this argument, Boha addresses individually each paragraph of the TAC in which she appears, parsing the language in an effort to show that each paragraph can be interpreted in such a way that it does not necessarily allege knowledge.  For instance, the TAC alleges that Tumminia "created fake bills for late payments, which Boha then paid from Fastener accounts using checks with Hinkle's forged signature."  Boha insists that this statement does not explicitly allege that she herself forged Hinkle's signature or that she knew she was using forged checks.  Given that Boha had complete control of Fastener's finances, however, and that she was rewarded by Tumminia for her participation in the scheme, it is a

natural inference from this and other similar allegations that her participation was knowing and intentional.

The arguments made by Mannarino suffer from similar flaws. For instance, while the TAC alleges that Mannarino caused $36,036 to be wired from Fastener's bank account to his bank account and that he deposited seven checks totaling $88,500 from Fastener's accounts into his own, Mannarino argues that the TAC fails to allege a "pattern" of racketeering activity, because a particular date is only given as to the single wire transfer.  The TAC alleges, however, that the enterprise as a whole operated for six years and committed 133 fraudulent transactions.  The TAC also alleges that Tumminia admitted in his plea allocution that Feuer and Mannarino assisted him in his scheme.  In light of these and other allegations, it is odd at best to imply that one fraudulent wire transfer and seven fraudulent checks involving Mannarino's own bank account somehow do not adequately plead the required minimum of two predicate acts.

Mannarino also stresses that he received a lesser criminal sentence than his co-conspirators Tumminia and Feuer, allegedly because he lacked knowledge of and involvement in the conspiracy. The details of his sentencing, whatever they may be, are of course out of bounds at this stage of the proceedings.  Well within bounds, however, is the fact alleged in the TAC that he pled guilty to conspiracy to commit wire fraud, which provides

further factual support for plaintiffs' allegations.

The arguments made by both Boha and Mannarino as to the TAC's state common law claims must be rejected for similar reasons. Only by ignoring the obligation to draw inferences in favor of the non-moving party and refusing to acknowledge the broader context of the TAC are Boha and Manarino able to suggest that the TAC fails to state its various claims against them.

## CONCLUSION

The October 1, 2013 motions to dismiss by Boha and Mannarino are denied.


Dated:   New York, New York
         December 12, 2013

                                    _____
                                            DENISE COTE
                                    United States District Judge